## FORSEE, Appellant, v. HURD et al.

### Division Two, December 24, 1904.

1. **APPELLATE PRACTICE: Instructions: Founded on Evidence.** Where appellant admits in the bill of exceptions that the instruction complained of was "founded upon and justified by the evidence," the appellate court must decide that the instruction was a correct declaration of law upon the facts developed at the trial, and refuse to give to it a meaning which its wording does not authorize.

2. ——: ——: ——: **No Evidence.** Where no part of the evidence is preserved in the bill of exceptions, but the bill contains a statement that "there was evidence introduced upon which to found and justify each and every instruction given," the court will not on appeal accept a statement made by appellant of what the evidence disclosed, nor that the statement in the bill amounts to no more than that the respective sides offered evidence tending to support their respective pleadings and the subjects covered by the instructions, but will decline to pass on the correctness of the instructions.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

AFFIRMED.

*Hollis & Fidler* for appellant; *S. P. Forsee pro se.*

(1) Defendants were liable though they were acting as agents of the corporation, therefore defendants' instruction 9 was erroneous. Clark v. Edgar, 84 Mo. 107; McCutchen v. Windson, 55 Mo. 149; Schoeltgen v. Wilson, 48 Mo. 253; Ring v. Co., 44 Mo. App. 111; Robinson v. Rice, 20 Mo. 234; Swaggard v. Hancock, 25 Mo. App. 608; Story on Agency, sec. 311. "Agents are always liable personally to injured third parties for fraudulent or malicious acts done in their principal's service, or for willful deceit." Hordrop v. Gallagher, 2 E. D. Smith (N. Y.) 523; People v. Johnson, 12 Johns.

293; Wright v. Wilcox, 19 Wend. 343; Ford v. Williams, 24 N. Y. 359; Thorp v. Burling, 11 Johns. 285; Nussbaum v. Hulbron, 63 Ga. 312; Burnap v. Marsh, 13 Ill. 535; Johnson v. Borler, 5 Gilm. (Ill.) 425; McIntyre v. Parks, 3 Metc. 207; Knight v. Luce, 116 Mass. 586; Blanchard v. Russell, 13 Mass. 1; McPartland v. Bead, 11 Allen 231; Edgarty v. Whalan, 106 Mass. 307; Bell v. Josselyn, 3 Gray 309; Ballan v. Talbott, 16 Mass. 461; Jefts v. York, 4 Cush. 371. (2) The facts admitted by the stipulation in the record upon which all the instructions given by the court were based were sufficient to justify the giving of each of the instructions asked by the plaintiff and refused by the court. Each of said instructions was a correct declaration of law and should have been given by the court. Defendants' counsel can not ask erroneous declarations of law upon evidence admitted to have been given and prevent plaintiff from having this court to review it or to say that a correct declaration of law should not have been given upon the same facts "because there was no evidence" to justify the court in giving the correct instruction. If the facts were not proven, then the court erred in giving defendants' instruction. In other words, the stipulation should be held by this court to mean there was evidence offered by plaintiff "tending" to prove the allegations of his petition and that defendants' evidence tended to deny them. The court, in giving each of these instructions given on behalf of defendants, especially the instructions to the effect that it made no difference whether the $3,000 was used in erecting and equipping the mill; also that if plaintiff had an opportunity to inspect the capacity of the elevator and did not do so, he could not recover—committed error. Plaintiff had a right to rely on the statements made by the defendants and was not required to inspect the elevator or take an expert there to do so, and if defendants willfully defrauded him by misrepresenting the property, they are personally liable. Golhart v. Clark, 24 Mo. App. 427;

Corlis v. Beck, 46 Mo. 384; Hitchcock v. Banham, 44 Mo. App. 44; Bailey v. Smock, 61 Mo. 215; Caldwell v. Henry, 76 Mo. 260; Hamlin v. Abell, 129 Mo. 188; Herman v. Hall, 140 Mo. 277; Nonnan v. Aberle, 90 Mo. 668; Holland v. Aul, 38 Mo. 59; McKeag v. Piednor, 74 Mo. App. 593; Richards v. Lee's Admr., 71 Mo. App. 224.

*Harkless, Crysler & Histed* for respondents.

(1)   There is nothing whatever for this court to determine, inasmuch as there is no evidence preserved in the bill of exceptions. The bill of exceptions contains the following statement of facts: "It is agreed in this case that on the trial below there was evidence introduced upon which to found and justify the giving of each and every instruction given, and that there was no evidence to sustain or justify the giving of any instruction which was refused in the case." There being no evidence before this court, it becomes wholly unnecessary to discuss any question referred to in appellant's brief.   (2) Appellant's counsel in point 2 of their brief undertake to evade the stipulation contained in the bill of exceptions by saying that it ought to be construed to mean "that evidence was offered tending to prove the allegations of his petition, and that defendant's evidence tended to deny them." This is a remarkable proposition indeed. The stipulation contained in the bill of exceptions has no reference to the petition or answer, but referred only to instructions, and expressly stated that the instructions were "founded upon and justified by the facts." This is sufficient answer to this proposition.

*Hollis & Fidler* for appellant in reply; *S. P. Forsee pro se.*

Replying to respondents' statements and argument, the agreed statement of fact, which appears in the bill of exceptions, we believe, makes it conclusive that there

was evidence heard at the trial "upon which to found
and justify the giving" of correct declarations of law
by the court, but it does not follow, because there was
evidence to "found and justify" instructions by the
court, that the instructions given were correct or that
appellant is precluded from objecting to their correct-
ness. It was the duty of the court to instruct the jury
upon the issues made upon that evidence, and as the
appellant was complaining primarily of the instructions
given by the court, he could have very properly agreed
"that on the trial below there was evidence introduced
upon which to found and justify the giving of each and
every instruction given." That agreed statement of
facts simply precludes either party to the cause from
asserting that there was no evidence which would au-
thorize the court to instruct upon those issues. We do
not see how it lies in the mouth of respondents, nor does
it conform to good faith, to argue to this court that the
court should not review the correctness of these decla-
rations of law, upon the ground that the evidence might
have been different from the facts recited in the court's
instructions. Appellant surely ought to be permitted,
under this agreed statement of facts, to challenge the
correctness of the declarations of law given by the court
over the objections of appellant. It was not necessary
to preserve the evidence in the bill of exceptions after
having entered into this agreement. We call the court's
attention to the circumstances under which that agree-
ment was made, as recited in appellant's statement,
which has not been and cannot be denied by respond-
ents. If the agreed statement of facts was thus gotten
from the appellant for the purpose of preventing him
from having a fair review of the alleged errors of the
court, it should not be permitted by this court, unless it
was compelled to do so under the stipulation. There is
no doubt that there was no such intention by the ap-
pellant when he signed the stipulation, but he intended
simply to admit that there was evidence upon which to

"'found and justify" the giving of instructions upon those issues, thereby leaving the correctness of the declarations of law to be the only matter to be presented to this court. The statement of facts set out in appellant's abstract is justified by admitted facts recited in all of the instructions given by the court, when taken as a whole.

GANTT, P. J.—This is an appeal from a judgment of the circuit court of Jackson county. The action was for damages for false representations in the sale of a mill to plaintiff by the defendants. There was a verdict and judgment for defendants, and plaintiff appeals.

No portion of the evidence is saved in the bill of exceptions. Plaintiff's special ground of complaint is the giving of an instruction numbered 9 for the defendants.

The bill of exceptions contains the following statement: "It is agreed in this case that on the trial below there was evidence introduced upon which to found and justify the giving of each and every instruction given, and there was no evidence to sustain or justify the giving of any instruction which was refused in this case."

Appellant has made a statement of what the evidence disclosed, but as no part of the evidence has been preserved, it is clear that we cannot accept such statement, either as a basis for the giving or the refusing of any instruction. With reference to the 9th instruction, of which appellant complains as erroneous, we have the unqualified admission that it was "founded upon and justified by the evidence." With this recital staring them in the face counsel complain that "the court told the jury in effect that though they might believe that defendants willfully and purposely cheated and defrauded plaintiff and though they were the sole beneficiaries of the fraud, yet, because they were pretending to act as agents of a corporation which they owned, plaintiff had

no remedy against them.  Also that plaintiff had no right to rely on any statement of the defendants if he could possibly have discovered by his own examination that they were false."  The instruction reads as follows:

"The court instructs the jury that if you find from the evidence that the property in controversy belonged to a corporation known as the Hurd Milling & Grain Company, and the plaintiff knew this fact, and the plaintiff knew and understood that O. S. Hurd in the negotiations in question was acting for and on behalf of the corporation, and that in closing the trade plaintiff took and accepted a bill of sale of the property from O. S. Hurd as an officer of the corporation, and plaintiff understood that he was buying the property of the corporation, and that O. S. Hurd was representing the corporation in making the statements or representations *that were made,* then plaintiff cannot recover from the defendants."

Obviously the instruction on its face, irrespective of what the evidence was, does not bear the interpretation placed on it by plaintiff.  Plaintiff agrees that the instruction was *"founded upon and justified by the evidence."*  As the plaintiff admits this instruction was justified by the evidence, this would seem to end all discussion as to its propriety.  If any facts could exist which would warrant such an instruction, then they must be taken by this court as established.  We cannot in the absence of the evidence know what representations *"were made"* within the meaning of the instruction.  Certainly we cannot presume they were fraudulent or were such that the defendants rendered themselves personally liable therefor instead of the corporation they represented.

For aught we know to the contrary they may have been of the character of mere commendation or puffing the property which would not have amounted to warranties.  But it is idle to speculate in view of the sol-

·emn admissions in the record that the evidence justified the instruction.

We can not accept the view of counsel for appellant that this statement in the bill of exceptions amounts to no more than that the respective parties offered evidence tending to support their respective pleadings and that there was evidence both pro and con on the subject of this 9th instruction for defendant. This plain, unambiguous stipulation in the bill will not admit of such a reading.

As the giving of the 9th instruction is the only error complained of and as it is admitted it was "founded upon and justified by the evidence," in other words was a correct declaration of law upon the facts developed on the trial, it is plain there was no reversible error in giving it. The judgment must be and is affirmed.

*Fox, J.,* concurs; *Burgess, J.,* absent.